| | |
|---|---|
| TREMAYNE CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:19-cv-1904-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with this civil rights action. On January 22, 2020, the court dismissed this action after plaintiff failed to pay the filing fee or seek leave to proceed in forma pauperis and judgment was duly entered. ECF Nos. 9, 11, 12. On January 27, 2020, plaintiff filed a document titled, "Objection to Dismissal/Ruling, Petition for Reconsideration, Extension of Time (60) days, Appointment of Counsel." ECF No. 13. The court construes the filing as a request for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and as a request for appointment of counsel. As discussed below, both motions must be denied.

Rule 60(b) provides for reconsideration of a final judgment where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other

1

reason justifying relief. Fed. R. Civ. P. 60(b). Plaintiff states that he has been transferred numerous times and lost his property. ECF No. 13. To the extent plaintiff seeks relief from judgment on this basis, the motion must be denied. Plaintiff was provided the opportunity to pay the filing fee or seek leave to proceed in forma pauperis – he did neither, has not shown good cause for failing to do so, and has not satisfied the Rule 60(b) standards. Plaintiff's motion for relief from judgment must be denied.

Likewise, the request for counsel is denied. District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims in what is now a closed case, amount to exceptional circumstances justifying the appointment of counsel at this time.

Accordingly, IT IS ORDERED that plaintiff's request for appointment of counsel (ECF No. 13) is denied.

Further, IT IS RECOMMENDED that plaintiff's "Petition for Reconsideration," construed as motion for relief from judgment pursuant to Rule 60(b) (ECF No. 13), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

/////

2

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 19, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE